# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**DAVID L. LEWANDOWSKI,**

**Plaintiff,**

**-vs-**                                                    **Case No.  6:11-cv-11-Orl-31DAB**

**PETROLEUM TECHNICIANS, INC.,**

**Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> | | |
> |---|---|
> | **MOTION:** | **MOTION FOR APPROVAL OF SETTLEMENT, JOINT STIPULATION FOR DISMISSAL WITH PREJUDICE** (Doc. No. 16) |
> | **FILED:** | **May 4, 2011** |
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

This cause came on for consideration upon referral by the District Judge to determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" over FLSA issues.  *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354-55 (11th Cir. 1982).  If a settlement is not one supervised by the Department of Labor, the only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations.  "When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district

court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id.* at 1353 (citing *Schulte, Inc. v. Gangi*, 328 U.S. 108).

The Eleventh Circuit has held that "[s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context." *Id.* at 1354.  In adversarial cases:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.*

Based on the representations in the Joint Stipulation (Doc. 16), Plaintiff was employed by Defendants as an electrician from March 15, 2010 through December 1, 2010.  Plaintiff filed suit on January 6, 2011, seeking overtime wages and unpaid wages under the FLSA.  While employed by the Defendant, Plaintiff was paid an hourly rate of $20.00.  Plaintiff alleges that he was docked an average of 4 overtime hours per workweek from approximately March through September 2010, and did not receive his time and a half rate for these alleged hours; he alleges that he was docked 4 regular hours per week from October 2010 through December 2010, and did not receive his regular rate of pay for these hours worked.  Plaintiff initially calculated his unpaid overtime wages to be approximately $3,520.00. Doc. 16.  Defendant asserted that it did not violate the FLSA, that it had reasonable grounds to believe it was in compliance with the FLSA at all times, and that it acted in good faith and not in willful violation of the FLSA. Doc. 16.

The settlement to Plaintiff of $2,500.00 represents  represents approximately 70% of the disputed amount Plaintiff sought; Plaintiff's decision to accept a compromised amount of unpaid

overtime and unpaid regular wages was based upon his acknowledgment that he may not have worked exactly 4 hours in each and every workweek in which he was alleging he was docked.  Plaintiff has agreed to waive his claim for liquidated damages based upon the foregoing facts and in order to avoid the costs, time and risks associated with continuing the litigation. Plaintiff and Defendant each had witnesses contrary to the opposing party's assertions.  Doc. 16.

The parties have agreed that Defendant will pay Plaintiff's attorneys $4,000 in attorney's fees and costs.  Plaintiff's counsel accrued 9.1 hours of attorney time at $275 per hour and 16.5 hours of paralegal time at $95 per hour in representation of Plaintiff, for a total of attorney's fees of $4,070, plus costs of $405.  Docs. 16-2, 16-3.  Although the hourly rate and total hours appear slightly on the high side, in light of the fact that counsel is accepting less than full claimed compensation, the amount of amount allocated to fees and reimbursement of costs is not unreasonable under the circumstances of this case.

Settlement in the amount of $2,500 to Plaintiff for unpaid wages and liquidated damages, and $4,000 for attorney's fees and costs is a fair and reasonable settlement.  It is **RECOMMENDED** that the settlement be accepted by the District Court as a "fair and reasonable resolution of a bona fide dispute" over FLSA issues.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on May 17, 2011.

*David A. Baker*
_____
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy